Michael P. Sherwood, Esq.
Lon J. Dale, Esq.
MILODRAGOVICH, DALE
& STEINBRENNER, P.C.
620 High Park Way
PO Box 4947
Missoula, Montana 59806-4947
Telephone: (406) 728-1455
Fax No: (406) 549-7077
msherwood@bigskylawyers.com; lon@bigskylawyers.com

Jenna P. Lyons, Esq.
REEP, BELL & JASPER, P.C.
PO Box 16960
Missoula, MT 59808-6960
Telephone (406) 541-4100
Fax No: (406) 541-4101
lyons@westernmontanalaw.com
        *Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| DAVID and KATJA STREETER, | ) | Cause No. CV 20-188-M-DLC-KLD |
| | ) | |
| | ) | |
| Plaintiffs, | ) | **PLAINTIFFS' RESPONSE BRIEF** |
| | ) | **IN OPPOSITION TO** |
| -vs- | ) | **DEFENDANT'S MOTION FOR** |
| | ) | **SUMMARY JUDGMENT** |
| USAA GENERAL INDEMNITY | ) | |
| COMPANY, and JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.  INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  LEGAL STANDARD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III.  ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    A.  USAA GIC Has Failed to Establish There Is No Genuine Issue of
Material Fact That the Streeters Were Noncompliant or That Any
Allegations of Noncompliance Were Material or Prejudicial to USAA
GIC's Investigation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        i.  USAA GIC has failed to meet its burden of production by
failing to produce or retain the essential electronic discovery it
now relies upon in its allegations of noncompliance, rendering
the entire issue subject to default judgment in favor of the
Streeters and preclusion of the argument at trial . . . . . . . . . . . 6

        ii.  There is a genuine issue of material fact as to whether the
Streeters substantially cooperated with USAA GIC's
investigation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

        iii.  USAA GIC has failed to establish how any of the allegations of
noncompliance are material or prejudicial to any of the claims
or defenses in this case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

    B.  The Streeters Were Unable to Timely Rebuild Their Home Due to
USAA GIC's Unreasonably Delayed Payments . . . . . . . . . . . . . . . . . 19

    C.  The Streeters' Claims for Other UTPA Violations and Declaratory
Judgment Are Not Ripe for Summary Judgment. . . . . . . . . . . . . . . . . 22

IV.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

# TABLE OF AUTHORITIES

Page

<u>CASES</u>

*Adickes v. S.H. Kress & Co.*
　　398 U.S. 144,  90 S. Ct. 1598 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Anderson v. Liberty Lobby, Inc.*
　　477 U.S. 242, 106 S.Ct. 2505 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 19

*Cline v. Yamaga*
　　97 Cal. App. 3d 239 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Colotex Corp. v. Catrett*
　　477 U.S. 317, 106 S.Ct. 2548 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*Contractors Bonding & Ins. Co. v. Sandrock*
　　321 F. Supp. 3d 1205 (D. Mont. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Dien Tran v. State Farm Fire & Cas. Co.*
　　136 Wash.2d 214, 961 P.2d 358 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Farmer v. Allstate Ins. Co.*
　　396 F.Supp.2d 1379 (N.D. Ga. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Field v. State Farm Mut. Auto. Ins. Co.*
　　2014 WL 2765224 (W.D. Wash. June 18, 2014) . . . . . . . . . . . . . . . . . . . . . 15

*Hall v. Allstate Fire & Cas. Ins. Co.*
　　20 F.4th 1319 (10th Cir. 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Hansen v. Barmore*
　　779 P.2d 1360 (Colo.App. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*High Fashions Hair Cutters v. Commercial Union Ins. Co.*
　　145 A.D.2d 465, 535 N.Y.S.2d 425 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Holland v. State Farm Mut. Auto. Ins. Co.*

ii

No. 2:12-CV-01058-LDG-GW, 2014 WL 1268712
(D. Nev. Mar. 27, 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*McCluckey v. Allstate Ins. Co.*
2006 WL 6853110 (D. Mont. Feb. 10, 2006) . . . . . . . . . . . . . . . . . . . . . . 23

*Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*
210 F.3d 1099 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Seymour v. Safeco Ins. Co. of Illinois*
No. CV 13-49-BU-DLC-RWA, 2014 WL 12545877
(D. Mont. July 24, 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Staples v. Allstate Ins. Co.*
176 Wash.2d 404, 295 P.3d 201 (2013). . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Steadele v. Colony Ins. Co.*
2011 MT 208, 361 Mont. 459, 260 P.3d 145. . . . . . . . . . . . . . . . . . . . . . . 13

*Tran v. State Farm Fire & Cas. Co.*
136 Wash. 2d 214, 961 P.2d 358 (1998) . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Trishan Air, Inc. v. Fed. Ins. Co.*
635 F.3d 422 (9th Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*V.M.V. Mgt. Co., Inc. v. Peerless Ins.*
15 A.D.3d 647, 791 N.Y.S.2d 136 (2005) . . . . . . . . . . . . . . . . . . . . . . . . . 14

*West v. State Farm*
27 M.F.R. 219 (D. Mont. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22, 23

## STATUTES

Federal Rule of Civil Procedure 56(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

Federal Rule of Civil Procedure 56(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Federal Rule of Civil Procedure 56(f) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Federal Rule of Evidence 402. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Federal Rule of Evidence 403. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

23 Richard A. Lord, Williston on Contracts § 63:3 (4th Ed. 2018) . . . . . . . . . 15, 16

COMES NOW the Plaintiffs, David and Katja Streeter ("the Streeters"), by and through undersigned counsel of record, and hereby submit their Response in Opposition to Defendant's Motion for Summary Judgment.

## I.   INTRODUCTION

Defendant USAA General Indemnity Company ("USAA GIC") is seeking summary judgment on a number issues, none of which are warranted.  USAA GIC continues its pattern of misrepresenting the record and facts in an attempt to persuade the Court that the Streeters were somehow responsible for the fire that destroyed their lives; all so that USAA GIC can avoid the Policy payments it should have disbursed over three (3) years ago.  Moreover, USAA GIC is relying upon allegations and evidence which it has not, and cannot, produce in discovery. The simple fact that USAA GIC cannot produce the electronic reports it now purports contained "inconsistencies" justifying summary judgment demonstrates the depravity of USAA GIC's bad faith dealings with the Streeters since 2019.

Notwithstanding these egregious tactics, USAA GIC's motion lacks any convincing argument that warrants summary judgment.  The evidence presented is overwhelming that the Streeters have always complied fully with the terms of their Policy, even when the same cannot be said for USAA GIC.  Any information ever requested, electronic or otherwise, has been turned over, multiple recorded

1

interviews and an examination under oath ("EUO") took place, and at the very least there is a question of material fact as to whether the Streeters substantially cooperated under the terms of their Policy. USAA GIC has not identified a single alleged material fact or omission that prejudiced its investigation to the point that summary judgment should be granted. Therefore, summary judgment should be denied.

Despite USAA GIC's assertions to the contrary, there is absolutely a genuine issue of material fact as to whether USAA GIC's continued denial to advance any payments to the Streeters for over seven (7) months cost them the opportunity to rebuild their home. By the time the Streeters were allowed to search for a contractor to rebuild, COVID-19 had swept the world and work in general came to a virtual standstill, including in the construction industry. Building quotes were years out, if you were even lucky enough to find a contractor willing to work during the height of the pandemic. That, combined with the fact the Streeters had no home, personal possessions, or semblance of a regular life at the end of the summer of 2020, meaning they were facing a Montana winter with nowhere appropriate to live, forced their hand in having to sell their dream property simply to survive. This was only done as a result of USAA GIC's claims handling, as ample evidence demonstrates how the Streeters repeatedly told USAA GIC, their

neighbors, the Flathead County Attorney, and anyone who would listen about their desire to rebuild as soon as possible. USAA GIC's assertions that the Streeters could have waited to build are not based in fact or logic, as are the allegations of a non-existent desire to move to a "bigger" and "better" home in a "better neighborhood." The issue is certainly worthy of jury consideration given the circumstances of this case, and summary judgment should be denied.

Finally, the Streeters claims for declaratory relief for the outstanding personal property payments and failure of USAA GIC to timely pay stated value are valid and awaiting further disposition from the Court. As such, these claims should not be dismissed under summary judgment.

## II.    LEGAL STANDARD

Summary judgment is appropriate where the Court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. *Colotex Corp. v. Catrett*, 477 U.S. 317, 330, 106 S.Ct. 2548, 2556 (internal citations omitted). This burden has two distinct components: an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the

moving party. *Id.* The court need not decide whether the moving party has satisfied its ultimate burden of persuasion unless and until the Court finds that the moving party has discharged its initial burden of production. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157-161, 90 S. Ct. 1598, 1608-10.

The burden of production imposed by Rule 56 requires the moving party to make a prima facie showing that it is entitled to summary judgment. *Colotex*, 477 U.S. 317 at 330. The manner in which this showing can be made depends upon which party will bear the burden of persuasion on the challenged claim at trial. *Id.* If the *moving* party will bear the burden of persuasion at trial, that party must support its motion with credible evidence–using any of the materials specified in Rule 56(c)–that would entitle it to a directed verdict if not controverted at trial. *Id.* Such an affirmative showing shifts the burden of production to the party opposing the motion and requires that party either to produce evidentiary materials that demonstrate the existence of a "genuine issue" for trial or to submit an affidavit requesting additional time for discovery. *Id.* (citing Fed. R. Civ. P. 56(e), (f)). A genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253, 106 S.Ct. 2505 (1986).

4

## III.   ARGUMENT

### A.   USAA GIC HAS FAILED TO ESTABLISH THERE IS NO GENUINE ISSUE OF MATERIAL FACT THAT THE STREETERS WERE NONCOMPLIANT OR THAT ANY ALLEGATIONS OF NONCOMPLIANCE WERE MATERIAL OR PREJUDICIAL TO USAA GIC'S INVESTIGATION

It is important to note, again, that USAA GIC has never before asserted what it has in this motion and recent pleadings.  Specifically, that USAA GIC was not allowed to conduct a thorough investigation of the Streeters' claims and the Streeters' alleged noncompliance obviates USAA GIC's duty to make any payments.  Rather, USAA GIC investigated the Streeters, excessively, for two (2) months and then unreasonably denied payments for another five (5) months, before ultimately deciding to pay the claim it should have paid no later than September of 2019.  USAA GIC is now attempting to backtrack and strengthen its otherwise weak position that these delays were somehow justified, and is using the fact it forced the Streeters to pursue litigation in a breach of contract action to circumvent the bright-line rule of "no hindsight" in this clear bad faith case.  Regardless, USAA GIC's motion and logic fail to meet the heavy burden of summary judgment under any of the theories now presented.

5

i.    USAA GIC has failed to meet its burden of production by failing to produce or retain the essential electronic discovery it now relies upon in its allegations of noncompliance, rendering the entire issue subject to default judgment in favor of the Streeters and preclusion of the argument at trial

As a preliminary matter, USAA GIC has failed to carry its initial burden of production.  "If moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099 1102 (9th Cir. 2000). Specifically, USAA GIC did not preserve, and cannot produce, the OneSource reports it was given in August of 2019 and now references as being "inconsistent" and not containing certain data that was later uncovered in 2022 only after "restrictions" on access to the data were lifted.

On July 18, 2019, the Streeters participated in a recorded interview with SIU Agent Angela Ritchie where information was requested, including "text and detail logs from the dates of July 8th to July 15th."  Plaintiffs' Statement of Additional Facts "SAF" ¶1.  It was never the Streeters who suggested these specific dates or put parameters on any data pull, despite USAA GIC's repeated misstatements to the contrary.  Per USAA GIC's request, Katja emailed Ms. Ritchie on July 24, 2019 the refinance documents, proof of income, and complete Verizon phone

6

records of David, Katja, and Sarah from June 14, 2019 through July 13, 2019.

SAF ¶2.  Importantly, this detailed every single incoming and outgoing call of the

Streeters during the dates in question, complete with times, and corresponding

phone numbers attached.  These records were reviewed, catalogued, and saved in

USAA GIC's claims file.  SAF ¶3.

On August 1, 2019, the Streeters met with a representative from OneSource

and allowed the complete data extraction of their phones.  The specific information

provided to USAA GIC after this extraction was <u>subject only to the requested</u>

<u>parameters of Ms. Ritchie for text and call detail logs from July 8-15, 2019</u>.  When

asked to confirm this in writing by the Streeters, Ms. Ritchie agreed it would

satisfy USAA GIC's request for data and information.  On August 9, 2019, Ms.

Ritchie emailed Ryan Ferreira of OneSource the authorization for the data

extraction <u>per the parameters suggested and accepted by USAA GIC,</u> and asked

that the extraction take place.  SAF ¶4.

On August 9, 2019, the same day he received permission to do a data pull of

the Streeters' phones, Mr. Ferreira sent the Extraction Report to Ms. Ritchie.  SAF

¶5.  In that Extraction Report was a link and instructions with the following:

> "Please find the links to download the zip files <u>containing the reports</u> below.
> Note that for security purposes, <u>this link will expire in 7 days</u>. . . As for the
> content of the report, once you open each report folder you will see an Excel
> and PDF file.  These are essentially duplicative in the content they present,

but they are just different formats provided depending on your preference/needs for review.  The accompanying folders <u>contain the full size files which are summarized and linked to form the **main PDF/Excel Reports**</u>.

SAF ¶6 (emphasis added).

Ms. Ritchie reviewed these reports on August 15, 2019 and referenced her "notable" findings in the claims file.  SAF ¶7.  In a follow-up email to Mr. Ferreira, she confirmed that "all standard text messages (SMS and MMS), Instant Messages (from the iMessage platform), and calls from 7/8/19-7/15/19 were included in the downloads," as was requested by USAA GIC.  SAF ¶8.  When the Streeters requested copies of these reports in litigation, based on the allegations they are inconsistent with recent findings in 2022, USAA GIC reported that Ms. Ritchie failed to preserve the actual reports prior to their expiration.  Therefore, they cannot ever be produced.

Despite this, USAA GIC is now claiming it "had only 19 days to review the limited data Plaintiffs made available in connection with the other pieces of its investigation," without being able to specify what "limited data" the reports actually provided.  Def.'s Brf. Pg. 9.  (Dkt. 60).  Without being able to produce these specific reports, the Streeters are unable to address what, exactly, is the basis of USAA GIC's argument.  Especially when taking into account the expert opinion of Joel Henry that "USAA[] had in its possession or the possession of its IT

consulting firm OneSource[] sufficient information and data and permission to access and analyze such data between August 19, 2019 and August 25, 2019." SAF ¶9.  As such, USAA GIC has failed to meet its burden of production of how the information available and gathered in 2019 was, or is, any different than any information gathered in 2022, both in substance and materiality.

Without producing evidence of an actual controversy between the information contained within reports relied upon in 2019 versus those in 2022, USAA GIC has failed in its burden of production and cannot seek summary judgment on this issue.  This will be the subject of a future spoilation motion under Rule 37 on the issue of electronic evidence and liability in general.  But for purposes of this motion, the Court would be well justified in denying USAA GIC's motion for summary judgment for its failure to produce material evidence in support of its claims.

> ii.  There is a genuine issue of material fact as to whether the Streeters substantially cooperated with USAA GIC's investigation

Notwithstanding the spoilation of material evidence and failure to meet the burden of production, there is a genuine issue of material fact as to whether the Streeters substantially cooperated with USAA GIC's investigation.  "Generally, the question of whether the insured has violated his insurance policy by failing to

cooperate with the insurer is a question of fact for the trial court." *Hansen v.*

*Barmore*, 779 P.2d 1360, 1364 (Colo.App. 1989).

The Streeters submitted a large loss fire claim with USAA GIC on or

around July 11 and 12, 2019, when their home was completely destroyed by fire

and deemed a "total loss."  SAF ¶10; Stipulated Facts ¶¶4,12 (Dkt. 16).  After

submitting the claim, a simple review of the hoops the Streeters jumped through in

an attempt to cooperate with USAA GIC's investigation and claims handling

process clearly demonstrates an impressive level of cooperation:

1.   On July 12, 2019, David Streeter gave a statement and participated in a recorded interview with Detective Schuster of the Flathead County Sheriff's Department, where he answered all questions regarding his activities and knowledge of the fire event.  SAF ¶11.

2.   On July 15, 2019, the Streeters participated in an in-person recorded interview with USAA Agent Lisa Heisey where they answered fully every question asked.  SAF ¶12.

3.   On July 15, 2019, the Streeters participated in an in-person interview with USAA GIC cause and origin expert, Norm Loftin, where they answered all questions asked about their activities and knowledge of the fire event.  SAF ¶13.

4.   On July 18, 2019, the Streeters participated in a recorded interview with SIU Agent Angela Ritchie.  SAF ¶1.  During this interview Ms. Ritchie requested copies of the mortgage refinance records, proof of income, and text and detail logs from only the dates of July 8th to July 15th, 2019.  SAF ¶1.  This request was also submitted to the Streeters via email to confirm the data and information USAA GIC was requesting.  SAF ¶14.

5.      On July 24, 2019, the Streeters emailed the refinance documents, proof of income, and complete Verizon phone records of David, Katja and Sarah from June 14, 2019 through July 13, 2019 per USAA GIC's request.  SAF ¶15.

6.      On August 1, 2019, the Streeters met with a representative from OneSource and allowed a complete data extraction of their phones per USAA GIC's request, subject only to the requested parameters requested by Ms. Ritchie. SAF ¶16.

7.      On August 19, 2019, the Streeters agreed to an expanded data pull of their phones per Ms. Ritchie's request, which was forwarded to OneSource the same day.  SAF ¶17.

8.      On August 26, 2019, USAA GIC informed the Streeters it was hiring an attorney and preparing for EUOs, forcing the Streeters to have to retain their own counsel and prompting direct communications to be suspended.  SAF ¶18.

9.      On November 27, 2019, the Streeters participated in EUOs with USAA GIC attorney David McClean, where they answered every question that was asked of them while under oath.  SAF ¶19.

In spite of this, USAA GIC attempts to argue that "no reasonable juror could conclude that Plaintiffs cooperated in compliance with the Policy with USAA GIC's request for electronic records."  (Dkt. 60, pg. 9).  This is an absurd statement.  "A technical failure or immaterial omission will not furnish the insurer with a valid basis for voiding its obligations."  *High Fashions Hair Cutters v. Commercial Union Ins. Co.*, 145 A.D.2d 465, 466, 535 N.Y.S.2d 425, 426 (1988). "Substantial compliance" occurs when "the insured's noncompliance was . . . minor and the insured complied with at least some of the specific requirements at

11

issue." *Trishan Air, Inc. v. Fed. Ins. Co.*, 635 F.3d 422, 432 (9th Cir. 2011).

"What constitutes substantial compliance or substantial performance is a question

of fact to be decided by the trier of fact." *Cline v. Yamaga*, 97 Cal. App. 3d 239,

248 (1979).

The Streeters' alleged failure to fully comply with USAA GIC's request for

electronic records, despite providing all data and permission to extract it per the

parameters USAA GIC requested, does not void the entire policy and USAA GIC's

obligations therein.  At the very least, whether the Streeters' cooperation and

performance was substantially compliant is clearly a genuine question of material

fact for the jury and improper for summary judgment.

USAA GIC misleads the Court on this issue by relying on case law that is

easily distinguishable from the facts at hand:

1. *Seymour v. Safeco Ins. Co. of Illinois*, No. CV 13-49-BU-DLC-RWA, 2014 WL 12545877 (D. Mont. July 24, 2014) (unreported):  Claimant was subject to summary judgment on the issue of discovery after refusing to provide any written confirmation for repairs exceeding the $2,619.50 Safeco had paid and instead initiated suit;

2. *Farmer v. Allstate Ins. Co.*, 396 F.Supp.2d 1379, 1380-1382 (N.D. Ga. 2005):  Claimants in a fire loss were subject to summary judgment after refusing to provide any of the specific documentation and information requested, including tax returns, business and personal financial records, cell phone records, as well as information regarding the plaintiff's recent divorce proceedings during its investigation of the claim;

3.      *Tran v. State Farm Fire & Cas. Co.*, 136 Wash. 2d 214, 961 P.2d 358, 363-64 (1998): Claimant was subject to summary judgment after <u>failing to provide any</u> personal or business financial records or supporting documents for numerous items upon insurer's request;

4.      *Hall v. Allstate Fire & Cas. Ins. Co.*, 20 F.4th 1319 (10th Cir. 2021): Plaintiff injured in a motor vehicle accident was subject to summary judgment after <u>refusing to provide any</u> additional medical records and bills to substantiate additional damages above what had been paid;

5.      *Holland v. State Farm Mut. Auto. Ins. Co.*, No. 2:12-CV-01058-LDG-GW, 2014 WL 1268712 (D. Nev. Mar. 27, 2014): Plaintiff in a motor vehicle accident <u>refused to supply</u> medical records of pre-existing conditions and was subject to summary judgment;

6.      *Steadele v. Colony Ins. Co.*, 2011 MT 208, 361 Mont. 459, 260 P.3d 145, 150: Claimant prevailed with default judgment against a contractor <u>before providing any</u> notice of the claim to contractor's insurance carrier, depriving it of ability to investigate and defend;

7.      *Contractors Bonding & Ins. Co. v. Sandrock*, 321 F. Supp. 3d 1205, 1211-12 (D. Mont. 2018): Defendant breached the notice requirement of his policy when he <u>failed to inform his insurer of the claim</u> until after default judgment was filed against him, subjecting him to summary judgment.

The cases above and relied upon by USAA GIC have one common theme that is not present in this litigation: Evidence that the <u>insured completely failed to comply with a warranty or condition</u>, making summary judgment proper.  USAA GIC has not provided evidence of noncompliance besides a vague reference to inconsistent electronic data, to which no direct evidence has been presented. Importantly, USAA GIC has not provided <u>any</u> reports that show how any

information was allegedly "withheld" from USAA GIC, was ever extracted only in

2022, or is even material.[1]

In an almost exact fact pattern, *V.M.V. Mgt. Co., Inc. v. Peerless Ins.* held:

"In a breach of contract action, plaintiffs' duty to cooperate with insurer was
satisfied by substantial compliance–individual plaintiff provided two
recorded interviews, appeared for two examinations under oath at which he
answered all of questions posed by appellant's attorney, provided
authorizations to release plaintiffs' records, and provided numerous exhibits
and photos–insurer failed to show that certain documents and information
regarding financial conditions of plaintiffs at time of loss which were not
produced were material and relevant to investigation or settlement of claim."

15 A.D.3d 647, 647, 791 N.Y.S.2d 136 (2005).

In this case, the Streeters participated in two recorded interviews, appeared

for an examination under oath in which they answered all of the questions posed by

USAA GIC's attorney, provided authorization to extract electronic records from

their phones per the parameters and requests of USAA GIC, and provided

numerous exhibits and photos.  USAA GIC has failed to show that the Streeters'

cooperation was insufficient or how one (1) potentially deleted text message,

information of which was likely provided or at least readily available to USAA

GIC in 2019, was material or relevant to the investigation or settlement of the

---

[1]Again, the Streeters' repeated requests for the 2019 OneSource reports cited and
relied upon by USAA GIC as being "inconsistent" and not containing data extracted in a
2022 report have revealed the 2019 reports were never saved and no longer exist for
comparison to determine the truth of the matter.

claim.  Therefore, USAA GIC has failed to establish that the Streeters did not fully

cooperate with USAA GIC or, at the very least, substantially complied and

participated with all reasonable requests for information and data.

      iii.   USAA GIC has failed to establish how any of the allegations of
noncompliance are material or prejudicial to any of the claims
or defenses in this case

Even if USAA GIC could successfully establish noncompliance, which it

cannot, it has failed to demonstrate how any of the alleged behavior of the Streeters

is even material or prejudiced USAA GIC's investigation and settlement of the

claim.  "In order to deny coverage based on lack of cooperation, the insurer must

be able to show a substantial and material breach of any cooperation clause and

that the insured did not substantially comply with the policy."  *Field v. State Farm*

*Mut. Auto. Ins. Co.*, 2014 WL 2765224 (W.D. Wash. June 18, 2014) (citing *Staples*

*v. Allstate Ins. Co.*, 176 Wash.2d 404, 295 P.3d 201 (2013).  The insurer must

show actual prejudice from any alleged failure to cooperate.  *Field*, 2014 WL

2765224.  "Prejudice is an issue of fact that will seldom be established as a matter

of law."  *Id*. (citing *Dien Tran v. State Farm Fire & Cas. Co.*, 136 Wash.2d 214,

224, 961 P.2d 358 (1998)).

To determine whether a breach is material is "a matter of objective

reasonableness rather than the non-breaching party's purely subjective belief."  23

Richard A. Lord, Williston on Contracts § 63:3 (4th Ed. 2018).  Therefore, the "party claiming a material breach must show the materiality of the breach." *Id*. USAA GIC has failed to demonstrate how the electronic evidence it was allegedly "precluded from evaluating during the claim" is even relevant, let alone material, besides its own self-serving declaration that it is "unquestionably material."  (Dkt. 60, pg. 9).

In support of its argument of materiality, USAA GIC cites only to a single instance where recent deposition testimony of David and Austin Osmus may slightly vary concerning an allegedly deleted text message between them three (3) years ago  (Dkt. 60, pg. 10).  Certainly, anyone's memory of mundane events three (3) years after the fact may be less than exact.  The recent deposition testimony provided by David and Austin simply stated there <u>may</u> have been a text between them that was deleted, and neither one of them can remember the exact details. SAF ¶20.  USAA GIC has failed to identify how a single alleged missing text message is relevant or material to this case, especially when USAA GIC is not also formally accusing Austin of having anything to do with the fires.  USAA GIC cannot, in fact, do so, as irrefutable testimony places Austin miles away at the time of both fires.  Therefore, no argument can be presented which specifies the materiality of any communication between David and Austin at any time,

16

especially when Detective Schuster has repeatedly conveyed to USAA GIC that

"he has no information to charge" David or anyone with a criminal act.  SAF ¶21

Additionally, if this information was relevant, USAA GIC could have

inquired about it at any time prior to forcing the Streeters into litigation.  Certainly,

USAA GIC could have made specific inquiries on November 27, 2019 when David

McLean questioned both the Streeters, under oath, with the full USAA GIC and

Flathead Sheriff's files at his disposal.  Austin was identified in the Verizon

records and as a witness to the fires.  He was referenced in every recorded

interview between the Streeters and USAA GIC.  His contact information was

readily available.  If USAA GIC had reached out to him, Austin would have been

happy to speak to anyone and provide a data extraction of his phone.  SAF ¶22.

USAA GIC cannot now claim prejudice for its own ineptitude in making specific

inquiries about Austin during its investigation in 2019, or that the Streeters

somehow concealed any information about him or anything else.

USAA GIC has failed to demonstrate actual prejudice or how its

investigation was in any way hindered by the actions of the Streeters.  As of

September of 2019, USAA GIC had in its possession witness testimony that placed

the Streeters at the Murray Bay Campground during the first fire, hotel surveillance

video showing the Streeters at the hotel at the time of the second fire, witness

17

reports from multiple neighborhood canvases, a copy of the neighbor's surveillance video of the fire, a cause and origin report that the fire was not incendiary, the Streeters' phone and electronic records, and the entirety of the Flathead County Sheriff's Office investigative reports along with Detective Schuster's admission that the Streeters were not suspects of any possible arson. All of this material was sent to USAA GIC's retained attorney, David McLean, months ahead of the EUOs.

USAA GIC continues to imply prejudice in the fact that it did not have the Flathead Sheriff's files prior to the parties retaining counsel, without admitting those files were given to Mr. McLean well before he had the Streeters under oath in November of 2019. The claims file provided to Mr. McLean contained the exact same information being relied upon by USAA GIC's newly retained counsel. It is impossible to claim prejudice when USAA GIC is using the same information it had in 2019 to form new opinions in 2022 in an attempt to justify unreasonable actions. Therefore, USAA GIC has failed to demonstrate how the Streeters prejudiced the investigation or USAA GIC's availability to pursue information or question anyone in the claims file.

USAA GIC has not only failed to establish noncompliance on the part of the Streeters, the alleged breaches are neither material nor prejudicial to USAA GIC's

investigation and claims handling process.  Therefore, USAA GIC's motion for summary judgment fatal to all claims should be denied.

### B.   The Streeters Were Unable to Timely Rebuild Their Home Due to USAA GIC's Unreasonably Delayed Payments

USAA GIC refers only to the Policy in claiming that "the timing of USAA GIC [sic] dwelling payment did not impact Plaintiffs' ability to rebuild or recover rebuilding expenses," without taking into consideration any of the relevant facts or circumstances surrounding the Streeters and their life at the time.  (Dkt. 60, pg. 15).  A genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth.  *Anderson, supra*.  Sufficient evidence exists to support the fact that the Streeters were <u>forced</u> to move away during the summer of 2020, and that such a decision was not by choice.  Therefore, a dispute over a material fact exists and summary judgment is improper on this issue.

USAA GIC did not issue the dwelling payment it owed the Streeters since September of 2019[2] until February of 2020.  By that time the Streeters had been without a home, furniture, personal belongings, or really anything to call their own for over seven (7) months.  During that time they were forced to live in a hotel with

---

[2]The Streeters' Motion for Partial Summary Judgment on the issue of the requirement to pay stated value within 60 days is currently pending before the Court (Dkt. 64).

nothing, as USAA GIC refused to advance any payments and would not even allow

them to rent a home.  They could not begin the process of hiring a contractor to

look at rebuilding until USAA GIC paid the dwelling loss.

As soon as the Streeters received payment, they immediately began the

process of trying to rebuild.  They confirmed with the Flathead County Attorney

that it was permissible to remove the debris that had been on the property during

the investigation.  SAF ¶23.  After the debris was removed, they retained the

services of DCI Engineers to perform a cite investigation and review of the

concrete foundation for the rebuild.  SAF ¶24.  At that investigation, DCI "met

with David Streeter, the homeowner, and his contractors at the site."  SAF ¶25.

Everything was in motion to begin the rebuild, until COVID-19 changed the entire

situation.

After March of 2020, as this Court is well aware, the world changed.  The

Streeters were no longer able to find or work with contractors to start a rebuild,

despite numerous efforts, as estimates for completion with the pandemic were

years out.  Work in general came to a standstill during the summer of 2020,

meaning the Streeters continued to be homeless as winter was approaching.  They

could not even find or afford a rental because they were required to still pay their

mortgage.

As of August of 2020 the Streeters were living out of an RV with their children and animals, with no foreseeable end in sight. Their choices were therefore limited to attempting to survive a Montana winter in a small RV with no personal property or furniture, with the hopes that COVID-19 restrictions were lifted and they could find a contractor able to take on the job the following year, or sell their land for whatever profit they could to try and put towards an actual house for their family to reside during arguably the worst time in Montana history. Essentially, their choices were death or moving. Despite USAA GIC's assertions to the contrary, that is not much of a choice.

Having 17 more months, in theory, to rebuild their home was not an option for the Streeters by the time USAA GIC finally paid the $395,000 in February of 2020. If the payment had arrived in September of 2019, as it should have, the Streeters could have easily located a contractor and at least started their rebuild before a global pandemic crippled everything. For USAA GIC to say that the Streeters "chose" to move versus rebuilding, after keeping them in a hotel for over seven (7) months with no money or personal property, is just another example of the deplorable way USAA GIC has treated the Streeters this whole time. The Streeters were forced to forfeit their property in an attempt simply to survive, and now USAA GIC attempts to convince the Court it was a "choice." It was not.

21

USAA GIC actually presents the most compelling argument for the Court's consideration when it breaks down how the Streeters had $493,750.00 available to them for their rebuild.  There is a genuine issue of material fact as to whether the Streeters "chose" to forfeit a half-million in funds to rebuild their dream custom home in their ideal location to fit the special needs of David, a disabled veteran, or if they were forced to sell the property for a substantial loss to move into a non-disability friendly house simply to survive.  The evidence perceived in the light most favorable to the Streeters clearly demonstrates this is an issue of disputed fact that must be decided at trial, and summary judgment should be denied.

**C.    The Streeters' Claims for Other UTPA Violations and Declaratory Judgment Are Not Ripe for Summary Judgment**

Finally, the Streeters' claims for other UTPA violations and Declaratory Judgment should be preserved pending further rulings from the Court and are not ripe for summary judgment.

While acknowledging that a non-actionable provision of the UTPA is one that does not give rise to an independent cause of action under the UTPA, as explained by the Honorable Judge Molloy in *West v. State Farm*, 27 M.F.R. 219 (D. Mont. 2000), factual evidence which may tend to show a violation of a non-actionable provision of the UTPA is not rendered inadmissible simply on that basis; the evidence may still be relevant to the merits of the actionable provisions

22

of the UTPA alleged in the lawsuit.  *McCluckey v. Allstate Ins. Co.*, 2006 WL

6853110 at *13 (D. Mont. Feb. 10, 2006).  Instead, the admissibility of any

evidence based on relevance is determined under Fed.R.Evid. 402 and 403.  *Id*.

The mere fact that evidence might suggest a violation of a non-actionable provision

of the UTPA does not render the evidence irrelevant to an actionable provision.  *Id*.

(citing *West*, 27 M.F.R. at 3-4).  Therefore, while the claims themselves may be

non-actionable, evidence of the violations is still admissible and we would ask that

any ruling on USAA GIC's motion make that distinction.

Finally, the Streeters claim for declaratory judgment specifically seeks a

"declaration of Defendant USAA's obligations pursuant to the Policy to timely pay

the stated value of the total loss of Plaintiffs' claim," and "USAA's obligations

pursuant to the Policy for the outstanding balance of Plaintiffs' personal property

claim. Amd. Cmpl. ¶¶77-78, Dkt. 33.  As of the time of this writing there is a

motion for summary judgment pending before the Court on USAA's obligation

and failure to pay stated value, and there is approximately $12,000 in outstanding

payments owed to the Streeters under their personal property claim.  Factual issues

have arisen during the course of litigation that prohibit declaratory judgment

pending the resolution of these disputes and potentially trial itself.  As such,

summary judgment is improper on these claims, especially when the issues are

limited, outstanding, and may be preserved to address in post-trial relief.

## IV.   CONCLUSION

USAA GIC has not presented any argument that does not contain genuine issues of material fact.  As such, for the reasons stated herein, summary judgment is inappropriate and USAA GIC's motion should be denied in its entirety.

DATED this 5th day of August, 2022.

By:____/s/ Michael P. Sherwood____

MILODRAGOVICH, DALE
& STEINBRENNER, P.C.
   *Attorneys for Plaintiffs*

## CERTIFICATE OF COMPLIANCE

The undersigned does hereby certify that pursuant to Local Rule 7.1(d)(2), the foregoing document:

☐    Does not exceed 6500 words (briefs in support of motion and response briefs) or 3250 words (reply briefs).

☐    This Brief contains 5,679 words.

DATED this 5th day of August, 2022.

By:____/s/ Michael P. Sherwood____

MILODRAGOVICH, DALE
& STEINBRENNER, P.C.
   *Attorneys for Plaintiffs*