IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| DAVID and KATJA STREETER, | CV 20–188–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| USAA GENERAL INDEMNITY COMPANY, and JOHN DOES 1-10, | |
| Defendants. | |

Before the Court is Plaintiffs David and Katja Streeters' (the "Streeters") Request to Supplement the Record. (Doc. 161.) Defendant USAA General Indemnity Co. ("USAA") opposes the motion. (Doc. 162.) For the reasons discussed below, the request is DENIED.

The Court granted summary judgment in favor of USAA on January 25, 2023. (Doc. 154.) The Streeters appealed this Court's decision on February 1, 2023. (Doc. 156.) The Streeters now seek to supplement the record on appeal with transcripts of pre-litigation examinations under oath ("EUO") that were not previously filed with the Court.

The following constitute the record on appeal: "(1) the original papers and exhibits filed in the district court; (2) the transcript of proceedings, if any; and (3) a certified copy of the docket entries prepared by the district clerk." FED. R. APP. P.

1

10(a).  The record can be corrected or modified by the district court under two circumstances.  First, "[i]f any difference arises about whether the record truly discloses what occurred in the district court, the difference *must* be submitted to and settled by that court and the record conformed accordingly."  FED. R. APP. P. 10(e)(1) (emphasis added).  Second, "[i]f anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement *may* be corrected and a supplemental record may be certified and forwarded . . . by the district court before or after the record has been forwarded."  FED. R. APP. P. 10(e)(2)(B) (emphasis added).  Only the second circumstance is relevant here.

The Ninth Circuit "has construed [Rule 10(e)(2)] narrowly, holding that normally the reviewing court will not supplement the record on appeal with material not considered by the trial court."  *Daly-Murphy v. Winston*, 837 F.2d 348, 851 (9th Cir. 1987); *see also United States v. Garcia*, 997 F.2d 1273, 1278 (9th Cir.1993) (The district court may not use Federal Rule of Appellate Procedure 10(e) to supplement the record with material not introduced or with findings not made.")  As the Tenth Circuit has explained, the record should not be supplemented with materials that were not considered by the district court "because the only proper function of a court of appeals is to review the decision below on the basis of the record that was made before the district court."  *Allen v.*

2

*Minnstar*, 8 F.3d 1470, 1474 (10th Cir. 1993).

The Streeters argue that their EUO transcripts should be added to the record because, although they were inadvertently omitted from the record, they were referenced in numerous pleadings. (Doc. 161 at 2–3.) USAA responds the record should not be supplemented "with testimony that this Court did not have the opportunity to consider," (Doc. 162 at 5), and "the EUO transcripts are not material to the issues on appeal," (*id.* at 6).

The Court declines to allow the Streeters to supplement the record with the EUO transcripts because the transcripts were not before the Court at the time that it made its decision on summary judgment. This is consistent with the practice in the Ninth Circuit to construe Rule 10(e)(2) narrowly. *See Daly-Murphy*, 837 F.2d at 351 (denying plaintiff-appellant's request to add investigative report to the record on appeal from district court's grant of summary judgment where "the report was not considered by the trial court because it was submitted after the summary judgment hearing"); *see also United States v. Walker*, 601 F.2d 1051, 1054–55 (9th Cir. 1979) (declining to supplement the record on appeal with affidavits that were not part of the district court's record); *Mikich v. Cnty. San Francisco*, No. C-11-04629-DMR, 2013 WL 5224846, at *2 (N.D. Cal. Sept. 17, 2013) (declining to supplement the record on appeal with deposition transcripts referenced in pleadings but not actually filed and therefore not considered by the district court).

Accordingly, IT IS ORDERED that the motion (Doc. 161) is DENIED.

DATED this 14th day of August, 2023.

_____
Dana L. Christensen, District Judge
United States District Court